UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:06MC622 CDP |
| MEDICAL SOLUTIONS, INC. and GREGORY S. BOONE | ) ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This case is a summary proceeding for confirmation of an arbitration award under 9 U.S.C. § 9. Plaintiff's motion prays for confirmation of an award entered against Medical Solutions, Inc. and Gregory S. Boone on September 20, 2006. Plaintiff's motion asserts that this court has jurisdiction over this matter because the License Agreement contained a provisions requiring any action to enforce an arbitrator's award to be brought in the Federal District Court for the Eastern District of Missouri. The License Agreement contained a provision requiring all claims to be resolved through arbitration at the St. Louis, Missouri offices of the American Arbitration Association, and although the motion does not state that the arbitration actually took place in St. Louis, the Court assumes that it did since the arbitrator was an attorney who practices in St. Louis.

Plaintiff asserts that defendant Boone is a resident of South Carolina and that Medical Solutions, Inc. is, or was, a corporation organized or existing under the laws of South Carolina. Plaintiff attached to its motion a certificate of service stating that since defendants are not currently known to be represented by counsel, the motion was sent to defendants via Federal Express Overnight Delivery.

Plaintiff's motion does not contain sufficient information to demonstrate that defendants have been properly notified of this proceeding in accordance with the FAA. 9 U.S.C. § 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as proscribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9. Plaintiff's motion states that defendants are nonresidents of

Missouri. If the arbitration took place in Missouri, as required by the License Agreement, then defendants would be nonresidents of the district where the award was made. Therefore, service must be made "by the marshal ... in like manner as other process of the Court." As noted above, plaintiff has only asserted that service was made via federal express.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall supplement its motion to confirm arbitration award within five (5) days of the date of this Order to provide this Court with sufficient information to demonstrate that defendant has been properly notified of this action in accordance with the provisions of 9 U.S.C. § 9, or plaintiff shall, within that time, notify the court of any steps it is taking to effect proper notice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2006.