UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:06MC622 CDP |
| MEDICAL SOLUTIONS, INC. and GREGORY S. BOONE | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is a summary proceeding for confirmation of an arbitration award under 9 U.S.C. § 9. Plaintiff's motion prays for confirmation of an award entered against Medical Solutions, Inc. and Gregory S. Boone on September 20, 2006. Plaintiff's motion asserts that this court has jurisdiction over this matter because the License Agreement contained a provisions requiring any action to enforce an arbitrator's award to be brought in the Federal District Court for the Eastern District of Missouri. The License Agreement contained a provision requiring all claims to be resolved through arbitration at the St. Louis, Missouri offices of the American Arbitration Association, and although the motion does not state that the arbitration actually took place in St. Louis, the Court assumes that it did since the arbitrator was an attorney who practices in St. Louis.

Plaintiff asserts that defendant Boone is a resident of South Carolina and that Medical Solutions, Inc. is, or was, a corporation organized or existing under the laws of South Carolina. Defendants have not entered an appearance following receipt of service of the Plaintiff's motion, and they have not opposed Plaintiff's motion.

The Federal Arbitration Act provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

This Court has jurisdiction in this matter; Plaintiff's motion to confirm is timely, and there has been no request that this Court vacate, modify, or correct the Award. Accordingly, the Award will be confirmed

**IT IS HEREBY ORDERED** that Plaintiff's motion to confirm the arbitration award [#1] is granted.

**IT IS HEREBY ORDERED** that the award dated August 18, 2006, in the

matter of Medicine Shoppe International v. Medical Solutions, Inc. and Gregory S. Boone, Case No. 58 133 00234 04 is confirmed.

**IT IS FURTHER ORDERED** that defendants are joint and severally liable for the award amount of $376,677.74 and must fully cooperate with a complete financial audit by Medicine Shoppe International of the business and financial records and reports pertaining to the Medicine Shoppe Pharmacy located at 1030 Oakland Avenue, Rock Hill, South Carolina.

**IT IS FINALLY ORDERED** that defendants Medical Solutions, Inc. and Gregory S. Boone shall be jointly and severally liable for $8,232.50 for administrative fees and expenses paid to the American Arbitration Association.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2007.